

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,

             Plaintiff,

      v.

DMITRY USTINOV,

             Defendant.

:
:
:   Cr. A. No. 13- 34
:
:   (Filed Under Seal)
:
:

REDACTED

SEALED

## SUPERSEDING INDICTMENT

The Grand Jury for the District of Delaware charges:

### COUNT ONE

At all times material to this indictment:

1.      The export of arms, ammunition, implements of war and defense articles and services from the United States was governed by the Arms Export Control Act ("AECA"), Title 22, United States Code, Section 2778, and the International Traffic in Arms Regulations ("ITAR"), Title 22, Code of Federal Regulations, Sections 120-130.

2.      The AECA authorizes the President, among other things, to control the export of "defense articles" deemed critical to the national security and foreign policy interests of the United States. The AECA also authorizes the President to designate items as "defense articles," require licenses for the export of such articles, and promulgate regulations for the export of such articles. By executive order, the President has delegated this authority to the United States Department of State, Directorate of Defense Trade Controls ("DDTC"). Accordingly, the DDTC promulgates regulations under the AECA, which are known as the International Traffic in Arms Regulations ("ITAR").

3.      The ITAR implements the provisions of the AECA, and establishes the framework for regulating the export of defense articles.  The ITAR defines an "export" as the sending or taking of a defense article out of the United States in any manner.  The ITAR defines a "defense article" to be any item on the United States Munitions List ("USML").  The ITAR contains the USML.

4.      The USML sets forth 21 categories of defense articles and services that are subject to export licensing controls.  Included in this list are such things as military aircraft, helicopters, artillery, shells, missiles, rockets, bombs, vessels of war, explosives, military and space electronics, certain types of optical equipment, guns, ammunition, firearms, close assault weapons, combat shotguns, and components of such firearms and weapons.  Category XII on the USML designates as defense articles: image intensification and other night sighting equipment or systems specifically designed, modified or configured for military use; second generation and above military image intensification tubes specifically designed, developed, modified, or configured for military use; and infrared, visible and ultraviolet devices specifically designed, developed, modified, or configured for military application.

5.      Persons desiring to export arms, ammunition, implements of war, and defense articles and services specified on the United States Munitions List from the United States must first obtain a license from the Directorate of Defense Trade Controls of the Department of State for each defense article prior to the export, as set forth in Title 22, Code of Federal Regulations, Section123.  It is illegal to export or attempt to export defense articles on the United States Munitions List without a license.

2

6.     At no time did defendant **DMITRY USTINOV** apply for or receive a license from the Department of State to export defense articles designated on the United States Munitions List, including but not limited to: one L3 Insight Mini Thermal Monocular; one Nivisys Scorpion Thermal Imaging Scope; seven Night Optics D-740 Night Vision Scopes; one Night Optics D-760 Night Vision Scope; one Night Optics PVS-14 Thermal Imaging Scope; one ITT 6015/PVS-14 Thermal Imaging Scope; one PVS-14 Image Intensifier Tube Generation 3; and four Forward Looking Infrared (FLIR) Tau 640 Thermal Imaging Cameras, to Russia or any other foreign country.   At all times relevant to this indictment, these defense articles were designated on the United States Munitions List and required an export license from the Department of State prior to export from the United States to Russia or any other foreign country.

7.     From in or around July 2010, continuing to on or about April 15, 2013, in the District of Delaware, and elsewhere, defendant **DMITRY USTINOV** conspired and agreed, together and with others known and unknown to the grand jury, to commit an offense against the United States, that is, to knowingly and willfully export and cause to be exported from the United States to Russia defense articles, including but not limited to: one L3 Insight Mini Thermal Monocular; one Nivisys Scorpion Thermal Imaging Scope; seven Night Optics D-740 Night Vision Scopes; one Night Optics D-760 Night Vision Scope; one Night Optics PVS-14 Thermal Imaging Scope; one ITT 6015/PVS-14 Thermal Imaging Scope; one PVS-14 Image Intensifier Tube Generation 3; and four Forward Looking Infrared (FLIR) Tau 640 Thermal Imaging Cameras, without first obtaining from the Department of State, Directorate of Defense

3

Trade Controls, a license or written authorization for such export, in violation of Title 22, United States Code, Section 2778 and Title 22, Code of Federal Regulations, Sections 123.1 and 127.1.

### MANNER AND MEANS

8.      It was part of the conspiracy that defendant **DMITRY USTINOV** arranged for individuals known and unknown to the Grand Jury to purchase defense articles, such as night vision devices, including but not limited to: one L3 Insight Mini Thermal Monocular; one Nivisys Scorpion Thermal Imaging Scope; seven Night Optics D-740 Night Vision Scopes; one Night Optics D-760 Night Vision Scope; one Night Optics PVS-14 Thermal Imaging Scope; one ITT 6015/PVS-14 Thermal Imaging Scope; one PVS-14 Image Intensifier Tube Generation 3; and four Forward Looking Infrared (FLIR) Tau 640 Thermal Imaging Cameras, in the United States. All of these defense articles were purchased over the internet or by telephone.

9.      It was further a part of the conspiracy that the defendant **DMITRY USTINOV** arranged for the defense articles, including but not limited to: one L3 Insight Mini Thermal Monocular; one Nivisys Scorpion Thermal Imaging Scope; seven Night Optics D-740 Night Vision Scopes; one Night Optics D-760 Night Vision Scope; one Night Optics PVS-14 Thermal Imaging Scope; one ITT 6015/PVS-14 Thermal Imaging Scope; one PVS-14 Image Intensifier Tube Generation 3; and four Forward Looking Infrared (FLIR) Tau 640 Thermal Imaging Cameras, to be exported from the United States to Russia through various means, including the mail, or other commercial carrier, and by physical transport.

4

10. It was further part of the conspiracy that the defendant **DMITRY USTINOV** arranged for international wire transfers to pay for the defense articles which he and his co-conspirators illegally exported or attempted to illegally export.

## OVERT ACTS

11. In furtherance of the conspiracy and to achieve the object and purpose thereof, the defendant **DMITRY USTINOV** and other individuals known and unknown to the Grand Jury committed or caused to be committed, in the District of Delaware, and elsewhere, at least one of the following overt acts, among others:

(1) On or about July 9, 2010, an individual known to the Grand Jury sent Invoice #10079, to **DMITRY USTINOV** which described the unit price for a "New Insight Mini Thermal Monocular MTM-000-A6" as "$7,000."

(2) On or about July 10, 2010, an individual known to the Grand Jury purchased one L3 Insight Mini Thermal Monocular from the internet website "eBay" for approximately $7,000.00 in United States currency.

(3) On or about July 12, 2010, **DMITRY USTINOV** caused an international wire transfer for approximately $7,792.00 in United States currency to be sent from Yatima Investments to an individual known to the Grand Jury.

(4) On or about July 27, 2010, an individual known to the Grand Jury sent a message and picture of an L3 Insight Mini Thermal Monocular to **DMITRY USTINOV**.

(5) On or about August 9, 2010, **DMITRY USTINOV** sent the following internet website link: http://www.ammoland.com/2010/02/22/nivisys-scorpion-multi-purpose-thermal-imager/, to an individual known to the Grand Jury.

(6)     On or about August 29, 2010, an individual known to the Grand Jury sent a message to **DMITRY USTINOV**, which listed the cost for a "Night Optics D-740-3A Rifle Sight" as "$3,699.99."

(7)     On or about August 30, 2010, **DMITRY USTINOV** caused to be sent an international wire transfer for approximately $59,000.00 in United States currency from Yatima Investments to an individual known to the Grand Jury.

(8)     On or about September 17, 2010, an individual known to the Grand Jury purchased one Night Optics D-740 Night Vision Scope from the internet website "eBay" for approximately $3,400.00 in United States currency.

(9)     On or about September 19, 2010, an individual known to the Grand Jury purchased one Nivisys Scorpion Thermal Imaging Scope from the internet website "eBay" for approximately $12,450.00 in United States currency.

(10)    On or about October 18, 2010, an individual known to the Grand Jury purchased one ITT 6015/PVS-14 Night Vision Monocular from the internet website "eBay" for approximately $2,775.00 in United States currency.

(11)    On or about November 12, 2010, an individual known to the Grand Jury sent **DMITRY USTINOV** a picture of an ITT 6015/PVS14 Night Vision Monocular.

(12)    On or about December 27, 2010, an individual known to the Grand Jury provided to **DMITRY USTINOV** bank routing information for an international wire transfer.

(13)     On or about December 28, 2010, **DMITRY USTINOV** caused to be sent an international wire transfer for approximately $12,900.00 in United States currency from Darice Investments to an individual known to the Grand Jury.

(14)     On or about January 21, 2011, the defendant **DMITRY USTINOV** met with an individual known to the Grand Jury in Richmond, Virginia.

(15)     On or about May 8, 2011, an individual known to the Grand Jury provided **DMITRY USTINOV** with bank routing information for an international wire transfer.

(16)     On or about May 11, 2011, **DMITRY USTINOV** caused to be sent an international wire transfer for approximately $35,000.00 in United States currency from Darice Investments to an individual known to the Grand Jury.

(17)     On or about July 12, 2011, **DMITRY USTINOV** sent bank routing information for an international wire transfer to an individual unknown to the Grand Jury.

(18)     On or about July 19, 2011, an individual known to the Grand Jury purchased one PVS-14 Image Intensifier Tube Generation 3 from the internet website "eBay" for approximately $1,725.00 in United States currency.

(19)     On or about July 22, 2011, **DMITRY USTINOV** caused to be sent an international wire transfer for approximately $41,500.00 in United States currency from Darice Investments to an individual known to the Grand Jury.

(20)     On or about November 29, 2012, **DMITRY USTINOV** participated in an internet-based Skype video-call with an individual known to the Grand Jury.

7

(21)    On or about December 20, 2012, **DMITRY USTINOV** participated in an internet-based Skype video-call with an individual known to the Grand Jury.

(22)    On or about December 27, 2012, **DMITRY USTINOV** participated in an internet-based Skype video-call with an individual known to the Grand Jury.

(23)    On or about January 24, 2013, **DMITRY USTINOV** participated in an internet-based Skype video-call with an individual known to the Grand Jury.

(24)    On or about January 25, 2013, **DMITRY USTINOV** sent bank routing information for an international wire transfer to an individual unknown to the Grand Jury.

(25)    On or about January 25, 2013, **DMITRY USTINOV** caused to be sent an international wire transfer for approximately $3,000.00 in United States currency from Yatima Investments to an individual known to the Grand Jury.

(26)    On or about February 6, 2013, **DMITRY USTINOV** participated in an internet-based Skype video-call with an individual known to the Grand Jury.

(27)    On or about March 19, 2013, **DMITRY USTINOV** participated in an internet-based Skype video-call with an individual known to the Grand Jury.

(28)    On or about March 25, 2013, **DMITRY USTINOV** caused to be sent an international wire transfer for approximately $25,800.00 in United States currency to an individual known to the Grand Jury.

All in violation of Title 18, United States Code, Section 371.

8

## COUNT TWO

1.      Paragraphs 1 through 11 of Count One of this Indictment are incorporated here.

2.      From in or around July 2010, continuing to on or about April 15, 2013, in the District of Delaware, and elsewhere, defendant **DMITRY USTINOV** did knowingly and intentionally combine, conspire and confederate and agree with others both known and unknown to the Grand Jury knowingly and willfully to export, cause the export, and attempt to export from the United States the following defense articles:  one L3 Insight Mini Thermal Monocular; one Nivisys Scorpion Thermal Imaging Scope; seven Night Optics D-740 Night Vision Scopes; one Night Optics D-760 Night Vision Scope; one Night Optics PVS-14 Thermal Imaging Scope; one ITT 6015/PVS-14 Thermal Imaging Scope; one PVS-14 Image Intensifier Tube Generation 3; and four Forward Looking Infrared (FLIR) Tau 640 Thermal Imaging Cameras; which are designated as defense articles on the United States Munitions List, without first obtaining the required license or written authorization from the Department of State, Directorate of Defense Trade Controls, in violation of Title 22, United States Code, Sections 2778(b)(2) and 2778(c), Title 18, United States Code, Section 2, and Title 22, Code of Federal Regulations, Sections 121.1, 123.1, 127.1(a)(3), and 127.3.

## COUNT THREE

1.      Paragraphs 1 through 6 of Count One of this Indictment are incorporated here.

2.      From in or around July 2010, in an offense begun and committed out of the jurisdiction of any particular State or district of the United States, defendant **DMITRY USTINOV**, who will be first brought to and arrested in the District of Delaware, did knowingly and willfully export, cause the export, and attempt to export from the United States a defense

9

article, that is, one L3 Insight Mini Thermal Monocular MTM-000-A6, which is designated as a defense article on the United States Munitions List, without first obtaining the required license or written authorization from the Department of State, Directorate of Defense Trade Controls, in violation of Title 22, United States Code, Sections 2778(b)(2) and 2778(c), Title 18, United States Code, Section 2, and Title 22, Code of Federal Regulations, Sections 121.1, 123.1, 127.1, and 127.3.

## COUNT FOUR

1. Paragraphs 1 through 6 of Count One of this Indictment are incorporated here.

2. From in or around August 2010, to in or around January 2011, in an offense begun and committed out of the jurisdiction of any particular State or district of the United States, defendant **DMITRY USTINOV**, who will be first brought to and arrested in the District of Delaware, did knowingly and willfully export, cause the export, and attempt to export from the United States defense articles, that is, one Nivisys Scorpion Thermal Imaging Scope and three Night Optics D-740 Night Vision Scopes, which are designated as defense articles on the United States Munitions List, without first obtaining the required license or written authorization from the Department of State, Directorate of Defense Trade Controls, in violation of Title 22, United States Code, Sections 2778(b)(2) and 2778(c), Title 18, United States Code, Section 2, and Title 22, Code of Federal Regulations, Sections 121.1, 123.1, 127.1, and 127.3.

## COUNT FIVE

1. Paragraphs 1 through 6 of Count One of this Indictment are incorporated here.

2. From in or around October 2010, to in or around January 2011, in an offense begun and committed out of the jurisdiction of any particular State or district of the United

10

States, defendant **DMITRY USTINOV**, who will be first brought to and arrested in the District of Delaware, did knowingly and willfully export, cause the export, and attempt to export from the United States a defense article, that is, one ITT 6015/PVS-14 Thermal Imaging Scope, which is designated as a defense article on the United States Munitions List, without first obtaining the required license or written authorization from the Department of State, Directorate of Defense Trade Controls, in violation of Title 22, United States Code, Sections 2778(b)(2) and 2778(c), Title 18, United States Code, Section 2, and Title 22, Code of Federal Regulations, Sections 121.1, 123.1, 127.1, and 127.3.

**COUNT SIX**

1.      Paragraphs 1 through 6 of Count One of this Indictment are incorporated here.

2.      From in or around May 2011, to in or around August 2011, in an offense begun and committed out of the jurisdiction of any particular State or district of the United States, defendant **DMITRY USTINOV**, who will be first brought to and arrested in the District of Delaware, did knowingly and willfully export, cause the export, and attempt to export from the United States a defense article, that is, one PVS-14 Image Intensifier Tube Generation 3, which is designated as a defense article on the United States Munitions List, without first obtaining the required license or written authorization from the Department of State, Directorate of Defense Trade Controls, in violation of Title 22, United States Code, Sections 2778(b)(2) and 2778(c), Title 18, United States Code, Section 2, and Title 22, Code of Federal Regulations, Sections 121.1, 123.1, 127.1, and 127.3.

**COUNT SEVEN**

1.      Paragraphs 1 through 6 of Count One of this Indictment are incorporated here.

11

2.      From in or around July 2011, to in or around October 2011, in an offense begun and committed out of  the jurisdiction of any particular State or district of the United States, defendant **DMITRY USTINOV**, who will be first brought to and arrested in the District of Delaware, did knowingly and willfully export, cause the export, and attempt to export from the United States defense articles, that is: four Night Optics D-740 Night Vision Scopes; one Night Optics D-760 Night Vision Scope; and one Night Optics PVS-14 Thermal Imaging Scope, which are designated as defense articles on the United States Munitions List, without first obtaining the required license or written authorization from the Department of State, Directorate of Defense Trade Controls, in violation of Title 22, United States Code, Sections 2778(b)(2) and 2778(c), Title 18, United States Code, Section 2, and Title 22, Code of Federal Regulations, Sections 121.1, 123.1, 127.1, and 127.3.

### COUNT EIGHT

1.      Paragraphs 1 through 6 of Count One of this Indictment are incorporated here.

2.      From on or about November 1, 2012, continuing to on or about April 15, 2013, in an offense begun and committed out of the jurisdiction of any particular State or district of the United States, defendant **DMITRY USTINOV**, who will be first brought to and arrested in the District of Delaware, did knowingly and willfully export, cause the export, and attempt to export from the United States defense articles, that is, four Forward Looking Infrared (FLIR) Tau 640 Thermal Imaging Cameras, which are designated as a defense article on the United States Munitions List, without first obtaining the required license or written authorization from the Department of State, Directorate of Defense Trade Controls, in violation of Title 22, United

12

States Code, Sections 2778(b)(2) and 2778(c), Title 18, United States Code, Section 2, and Title 22, Code of Federal Regulations, Sections 121.1, 123.1, 127.1, and 127.3.

## COUNT NINE

1.     Paragraphs 1 through 6 of Count One of this Indictment are incorporated here.

2.     From on or about November 1, 2012, continuing to on or about April 15, 2013, in the District of Delaware, and elsewhere, defendant **DMITRY USTINOV** knowingly and willfully attempted to export and send, from the United States, merchandise, articles and objects, that is, defense articles, specifically, four Forward Looking Infrared (FLIR) Tau 640 Thermal Imaging Cameras, which are designated as defense articles on the United States Munitions List, contrary to law, that is, without first obtaining the required license or written authorization from the Department of State, Directorate of Defense Trade Controls, in violation of Title 22, United States Code, Sections 2778(b)(2) and 2778(c), Title 18, United States Code, Section 2, and Title 22, Code of Federal Regulations, Sections 121.1, 123.1, 127.1, and 127.3, all in violation of Title 18, United States Code, Sections 554 and 2.

## COUNT TEN

1.     Paragraphs 1 through 11 of Count One of this Indictment are incorporated here.

2.     From in or about July 2010, continuing through to on or about April 15, 2013, in the District of Delaware, and elsewhere, defendant **DMITRY USTINOV** conspired and agreed, with other persons known and unknown to the grand jury, to knowingly transport and transfer monetary instruments and funds, that is, approximately $80,990.00 in United States currency, which was a part of $184,992 in United States currency wired from a place outside the United States, that is Cyprus, to a place inside the United States, that is Virginia, with intent to promote

13

the carrying on of specified unlawful activity, specifically, the exportation of defense articles without first obtaining an export license from the Department of State, Directorate of Defense Trade Controls, in violation of Title 22, United States Code, Section 2778, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

All in violation of Title 18, United States Code, Section 1956(h).

### COUNT ELEVEN

On or about July 12, 2010, in an offense begun and committed out of the jurisdiction of any particular State or district of the United States, defendant **DMITRY USTINOV,** who will be first brought to and arrested in the District of Delaware, did knowingly and willfully transmit and transfer funds, that is, approximately $7,000.00 in United States currency, which was part of $7,792.00 in United States currency wired from a place outside the United States, that is Cyprus, to a place in the United States, that is Virginia, with the intent to promote the carrying on of specified unlawful activity, that is, exporting, causing the export, and attempting to export from the United States a defense article, that is, one L3 Insight Mini Thermal Monocular MTM-000-A6, which is designated as a defense article on the United States Munitions List, without first obtaining the required license or written authorization from the Department of State, Directorate of Defense Trade Controls, in violation of Title 22, United States Code, Sections 2778(b)(2) and 2778(c);Title 18, United States Code, Section 2; and Title 22, Code of Federal Regulations, Sections 121.1, 123.1, 127.1, and 127.3.

All in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

## COUNT TWELVE

On or about August 30, 2010, in an offense begun and committed out of the jurisdiction of any particular State or district of the United States, defendant **DMITRY USTINOV**, who will be first brought to and arrested in the District of Delaware, did knowingly and willfully transmit and transfer funds, that is, approximately $22,450.00 in United States currency, which was part of $59,000.00 in United States currency wired from a place outside the United States, that is Cyprus, to a place in the United States, that is Virginia, with the intent to promote the carrying on of specified unlawful activity, that is, exporting, causing the export and attempting to export from the United States defense articles, that is, one Nivisys Scorpion Thermal Imaging Scope and three Night Optics D-740 Night Vision Scopes, which are designated as defense articles on the United States Munitions List, without first obtaining the required license or written authorization from the Department of State, Directorate of Defense Trade Controls, in violation of Title 22, United States Code, Sections 2778(b)(2) and 2778(c), Title 18, United States Code, Section 2, and Title 22, Code of Federal Regulations, Sections 121.1, 123.1, 127.1, and 127.3.

All in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

## COUNT THIRTEEN

On or about December 28, 2010, in an offense begun and committed out of the jurisdiction of any particular State or district of the United States, defendant **DMITRY USTINOV**, who will be first brought to and arrested in the District of Delaware, did knowingly and willfully transmit and transfer funds, that is, approximately $2,775.00 in United States currency, which was part of $12,900.00 in United States currency wired from a place outside the United States, that is Cyprus, to a place in the United States, that is Virginia, with the intent to

promote the carrying on of specified unlawful activity, that is, exporting, causing the export, and attempting to export from the United States a defense article, that is, one ITT 6015/PVS-14 Thermal Imaging Scope, which is designated as a defense article on the United States Munitions List, without first obtaining the required license or written authorization from the Department of State, Directorate of Defense Trade Controls, in violation of Title 22, United States Code, Sections 2778(b)(2) and 2778(c), Title 18, United States Code, Section 2, and Title 22, Code of Federal Regulations, Sections 121.1, 123.1, 127.1, and 127.3.

All in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

## COUNT FOURTEEN

On or about May 11, 2011, in an offense begun and committed out of the jurisdiction of any particular State or district of the United States, defendant **DMITRY USTINOV**, who will be first brought to and arrested in the District of Delaware, did knowingly and willfully transmit and transfer funds, that is, approximately $1,725.00 in United States currency, which was part of $35,000.00 in United States currency wired from a place outside the United States, that is Cyprus, to a place in the United States, that is Virginia, with the intent to promote the carrying on of specified unlawful activity, that is, exporting, causing the export and attempting to export from the United States a defense article, that is, one PVS-14 Image Intensifier Tube Generation 3, which is designated as a defense article on the United States Munitions List, without first obtaining the required license or written authorization from the Department of State, Directorate of Defense Trade Controls, in violation of Title 22, United States Code, Sections 2778(b)(2) and 2778(c), Title 18, United States Code, Section 2, and Title 22, Code of Federal Regulations, Sections 121.1, 123.1, 127.1, and 127.3.

16

All in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

## COUNT FIFTEEN

On or about July 22, 2011, in an offense begun and committed out of the jurisdiction of any particular State or district of the United States, defendant **DMITRY USTINOV,** who will be first brought to and arrested in the District of Delaware, did knowingly and willfully transmit and transfer funds, that is, approximately $18,240.00 in United States currency, which was part of $41,500.00 wired from a place outside the United States, that is Cyprus, to a place in the United States, that is Virginia, with the intent to promote the carrying on of specified unlawful activity, that is, exporting, causing the export and attempting to export from the United States defense articles, that is: four Night Optics D-740 Night Vision Scopes; one Night Optics D-760 Night Vision Scope; and one Night Optics PVS-14 Thermal Imaging Scope, which are designated as defense articles on the United States Munitions List, without first obtaining the required license or written authorization from the Department of State, Directorate of Defense Trade Controls, in violation of Title 22, United States Code, Sections 2778(b)(2) and 2778(c), Title 18, United States Code, Section 2, and Title 22, Code of Federal Regulations, Sections 121.1, 123.1, 127.1, and 127.3.

All in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

## COUNT SIXTEEN

On or about January 25, 2013, in an offense begun and committed out of the jurisdiction of any particular State or district of the United States, defendant **DMITRY USTINOV,** who will be first brought to and arrested in the District of Delaware, did knowingly and willfully transmit and transfer funds, that is, approximately $3,000.00 in United States currency, from a place

outside the United States, that is Cyprus, to a place in the United States, that is Virginia, with the intent to promote the carrying on of specified unlawful activity, that is, exporting, causing the export and attempting to export from the United States defense articles, that is, four Forward Looking Infrared (FLIR) Tau 640 Thermal Imaging Cameras, which are designated as defense articles on the United States Munitions List, without first obtaining the required license or written authorization from the Department of State, Directorate of Defense Trade Controls, in violation of Title 22, United States Code, Sections 2778(b)(2) and 2778(c), Title 18, United States Code, Section 2, and Title 22, Code of Federal Regulations, Sections 121.1, 123.1, 127.1, and 127.3.

All in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

**COUNT SEVENTEEN**

On or about March 25, 2013, in an offense begun and committed out of the jurisdiction of any particular State or district of the United States defendant **DMITRY USTINOV**, who will be first brought to and arrested in the District of Delaware, did knowingly and willfully transmit and transfer funds, that is, approximately $25,800.00 in United States currency, from a place outside the United States, that is Cyprus, to a place in the United States, that is Virginia, with the intent to promote the carrying on of specified unlawful activity, that is, exporting, causing the export and attempting to export from the United States defense articles, that is, four Forward Looking Infrared (FLIR) Tau 640 Thermal Imaging Cameras, which are designated as defense articles on the United States Munitions List, without first obtaining the required license or written authorization from the Department of State, Directorate of Defense Trade Controls, in violation

of Title 22, United States Code, Sections 2778(b)(2) and 2778(c), Title 18, United States Code, Section 2, and Title 22, Code of Federal Regulations, Sections 121.1, 123.1, 127.1, and 127.3.

All in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

### NOTICE OF FORFEITURE AS TO COUNTS ONE-EIGHT

Upon conviction of the offenses alleged in Counts One through Eight of this Indictment, defendant **DMITRY USTINOV** shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 981(a)(1)(C); Title 22, United States Code, Section 401, and Title 28, United States Code, Section 2461, the following:

(a)     any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violation; and

(b)     any property involved in such offense, including, but not limited to, defense articles or other export controlled items intended to be illegally exported; and any vessel, vehicle, or aircraft which has been used in exporting or attempting to export any defense articles of other export controlled items.

If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the Court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty;

19

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

### NOTICE OF FORFEITURE AS TO COUNT NINE

Upon conviction of the offenses alleged in Count Nine of this Indictment, defendant **DMITRY USTINOV** shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 981(a)(1)(C and Title 28, United States Code, Section 2461, any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violation;

If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

## NOTICE OF FORFEITURE AS TO COUNT TEN-SEVENTEEN

Upon conviction of the offenses alleged in Counts Ten through Seventeen of this Indictment, defendant **DMITRY USTINOV** shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 982(a)(1), the following:

        (a)     any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violation; and

        (b)     any property involved in such offense, including, but not limited to, defense articles or other export controlled items intended to be illegally exported; and any vessel, vehicle, or aircraft which has been used in exporting or attempting to export any defense articles of other export controlled items.

If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

        (a)     cannot be located upon the exercise of due diligence;

        (b)     has been transferred or sold to, or deposited with, a third party;

        (c)     has been placed beyond the jurisdiction of the Court;

        (d)     has been substantially diminished in value; or

        (e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other

property of the defendant up to the value of the property subject to forfeiture.

GRAND JURY FOREPERSON


CHARLES M. OBERLY, III
United States Attorney


By: _____
David L. Hall
Jamie M. McCall
Assistant United States Attorneys

Dated: 5/7/2013

22