**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Cr. A. No. 13-34-GMS** |
| | : | |
| **DMITRY USTINOV,** | : | |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Charles M. Oberly, III, United States Attorney for the District of Delaware, Jamie M. McCall, Assistant United States Attorney, and Richard Levitt, Esquire, and John Malik, Esq., attorneys for the defendant, Dmitry Ustinov, the following agreement is hereby entered into by the respective parties:

1. The defendant agrees to plead guilty to Count One of the Superseding Indictment, which charges him with conspiring to violate the Arms Export Control Act, Title 22, United States Code, Section 2778, International Traffic in Arms Regulations, 22 Code of Federal Regulations, Parts 120-130, all in violation of Title 18, United States Code Section, 371. At or about the time of sentencing on Count One of the Superseding Indictment, the United States agrees to dismiss the remaining Counts of the Superseding Indictment against the defendant.

2. The maximum penalties for Count One of the Superseding Indictment are as follows: five years incarceration, followed by three years supervised release, a $250,000 fine, and a $100 mandatory special assessment.

3. In order to prove a conspiracy violation under Title 18, United States Code, Section 371, the government must prove beyond a reasonable doubt the following elements: (1) the defendant shared unity of purpose and an intent to achieve a common goal with at least one other individual; (2) that the defendant entered into an agreement to work together with at least one other individual toward that goal; (3) that the goal of this conspiracy was to export, attempt to export, or cause to be exported from the United States a defense article for which the defendant did not obtain a license or written approval for the export from the United States State Department, Directorate of Defense Trade Control, in violation of the Arms Export Control Act, Title 22, United States Code, Section 2778, and the International Traffic in Arms Regulations, 22 Code of Federal Regulations, Parts 120-130; and (4) that the defendant acted willfully (that is, with knowledge that his conduct was unlawful).

4. In connection with this plea agreement, the defendant knowingly, voluntarily, and intelligently admits that he is guilty of Count One of the Superseding Indictment. The government and the defendant agree that Attachment A is a factual proffer that accurately sets forth what the government would prove if this case went to trial.

5. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in Title 18, United States Code, Section 3553(a) in determining an appropriate sentence. The defendant understands that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the

defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

6. The parties stipulate and agree that United States Sentencing Guideline Section 2M5.2(a)(1) sets forth the applicable guideline range for sentencing.

7. Based on the defendant's actions to date, the United States agrees that the Court should grant a three-level reduction in the base offense level for the defendant's affirmative acceptance of responsibility under Sentencing Guideline § 3E1.1. The United States so agrees because the defendant has timely notified the authorities of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Should the defendant perform any act inconsistent with affirmative acceptance of responsibility under Sentencing Guideline § 3E1.1 subsequent to the entry of the guilty plea, the government reserves the right to modify its position on this issue.

8. Upon conviction of Count One of the Superseding Indictment, the defendant shall forfeit to the United States pursuant to 18 U.S.C. § 981(b) and 21 U.S.C. §§ 853(e) and (f) and 28 U.S.C. § 2461, any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violation, **including but not limited to $28,800 (the "Property")**. The defendant agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of the Property. The defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that forfeiture of the Property, if the government elects to conduct the forfeiture criminally, will be part of the sentence imposed upon the defendant

in this case and waives any failure by the Court to advise the defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the change of-plea hearing. Pursuant to Rule 32.2(b)(3), the defendant will promptly consent to the preliminary order of forfeiture becoming final as to the defendant before sentencing if requested by the Government to do so.

9. The defendant agrees to pay the special assessment of the $100.00 at the time of sentencing.

10. If the Court orders the payment of any special assessment or fine as part of the defendant's sentence, the defendant agrees to voluntarily enter the United States Bureau of Prisons administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

11. The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings. The parties realize that the Court is not bound by any stipulations reached by the parties. However, if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the defendant does not receive the benefits he expects from any such stipulation or recommendation, the defendant may not withdraw his guilty plea.

12. The defendant knows that he has, and voluntarily and expressly waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing – including, but not limited to, an appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, or a motion under 28 U.S.C. §2255 – except that the defendant reserves his right to appeal only if (1) the government appeals from the sentence, (2) the defendant's sentence exceeds the statutory maximum for the offense set forth in the United States Code, or (3) the sentence unreasonably exceeds the Sentencing

Guidelines range determined by the District Court in applying the United States Sentencing Guidelines. ///

13. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this memorandum may be modified only in a written agreement executed by all the undersigned parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

CHARLES M. OBERLY, III
United States Attorney

BY: ______________________
Jamie M. McCall
Assistant United States Attorney

Richard Levitt, Esq. ______________________
Attorney for Defendant

John Malik, Esq. ______________________
Attorney for Defendant

Dmitry Ustinov ______________________
Defendant

Date: July 10, 2014

**AND NOW** this 10th day of July, 2014, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court

______________________
C[redacted] District Court Judge
Gregory M. Sleet
District of Delaware

# ATTACHMENT A – USTINOV PLEA AGREEMENT

During the timeframe alleged in Count 1, Ustinov agreed with another person, who was located in Virginia, to ship to Russia various United States Munitions List ("USML") articles, including night vision equipment, that Ustinov understood required U.S. export licenses but for which Ustinov understood no such licenses would in fact be obtained, in violation of law. In furtherance of this conspiracy from time to time Ustinov arranged for money to be wired to this person's business bank account in payment for the articles that he would ship to Russia at Ustinov's request.

Jamie M. McCall
Assistant U.S. Attorney

Date: 7/10/14

John Malik, Esq.
Attorney for Defendant

Date: 7-10-14

Dmitry Ustinov
Defendant

Date: 7-10-14